UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,  Plaintiff, | § § § | |
| v. | § | CIVIL ACTION NO. ____ |
| | § | |
| $119,899.89 SEIZED FROM BANK OF AMERICA ACCOUNT 0821, | § § | |
| | § | |
| $1,501.68 SEIZED FROM BANK OF AMERICA ACCOUNT 0753, | § § | |
| | § | |
| $878.79 SEIZED FROM BANK OF AMERICA ACCOUNT 0818, and | § § | |
| | § | |
| $60,813.71 SEIZED FROM CAPITOL ONE ACCOUNT 5659, Defendants. | § § § | |

**VERIFIED COMPLAINT FOR CIVIL FORFEITURE
IN REM AND NOTICE TO POTENTIAL CLAIMANTS**

The United States of America, Plaintiff, files this action for forfeiture *in rem* against $119,899.89, $1,501.68, $878.79, and $60,813.71 in U.S. Currency seized from various bank accounts and alleges upon information and belief the following:

**JURISDICTION AND VENUE**

1. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355, as this is a forfeiture action brought by the United States.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355(b), 1391(b)(2), and 1395. Acts and omissions giving rise to the forfeiture occurred in the Southern District of Texas.

## DEFENDANT PROPERTIES SUBJECT TO FORFEITURE

3. The First, Second and Third Defendant Properties were seized from Bank of America accounts held in the name of "Dijon at Jenson LLC," a Texas company with a mailing address in Houston, Texas. The seized amounts are $119,899.89 (seized from an account with an account number ending in 0821), $1,501.68 (account number ending in 0753), and $878.79 (account number ending in 0818).

4. The Fourth Defendant Property is $60,813.71 seized from a Capitol One bank account with an account number ending in 5659, and held in the name of Patrick Franklin. Patrick Dijon Franklin is the manager and owner of Dijon at Jenson LLC.

5. The United States alleges that the four sums described above (collectively, the "Defendant Properties") constitute or are derived from proceeds traceable to wire fraud.

## STATUTORY BASIS AND NATURE OF ACTION

6. This civil action *in rem* is brought to enforce the provisions of 18 U.S.C. § 981(a)(1)(C), which provides for the forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to any offense constituting "specified unlawful activity" (as defined in 18 U.S.C. § 1956(c)(7)), or a conspiracy to commit such offense. Title 18 U.S.C. § 1343 (wire fraud) is "specified unlawful activity" pursuant to 18 U.S.C. §1956(c)(7).

7. With regard to the civil forfeiture of fungible property, 18 U.S.C. § 984 provides that funds deposited into the same financial account as the property involved in

2

the offense that is the basis for the forfeiture shall be subject to forfeiture so long as the forfeiture action is commenced within one year from the date of the offense.

## FACTS

8. This case involves a type of business email compromise scam in which the perpetrator(s) gains unauthorized access to the email account of one or more parties to an anticipated transaction. The perpetrator then sends a fraudulent email that convinces the victim to change the banking information of the intended payment recipient. As a result of the fraudulent email, the victim transfers the funds to a bank account controlled by the perpetrators, and the intended recipient of the funds never receives the money.

9. This type of scheme, involving fraudulent emails and a fraudulent wire transfer, is a wire fraud criminal offense in violation of Title 18, United States Code, Section 1343. Wire fraud proceeds are subject to civil forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C).

### A. The Victim was Deceived into Transferring its Funds to the Perpetrators' Bank Account Rather than to the Correct Bank Account

10. The victim in this case is a family trust (the "Family Trust") that wanted its lawyer to wire money from the Family Trust's bank account to a legitimate company's bank account, but the victim was deceived by false emails into transferring the funds to the perpetrators' bank account instead.

11. On or about February 3, 2020, the Family Trust and its lawyer were deceived by false pretenses and representations into wiring $1,299,050.00 to a JPMorgan bank account within the Southern District of Texas that was controlled by the fraud

perpetrator(s). The $1,299,050.00 of the Family Trust's money was then further dispersed to other bank accounts, four of which are the bank accounts from which the Defendant Properties were seized.

12. It appears that the fraud perpetrator(s) were aware of the Family Trust's anticipated transaction. The perpetrator(s) were able to jump into email conversations among the Family Trust participants and the lawyer without anyone realizing it. The email addresses controlled by the perpetrator(s) were one letter off from the true email addresses of the legitimate participants. During the email exchanges, the perpetrator(s) was able to introduce fraudulent bank account information for the account that was to receive the funds from the Family Trust.

13. Initially, none of the parties involved questioned the fraudulent bank account information. When the parties talked on the telephone and realized that one of the purported emails was not legitimate, they figured out something was wrong and contacted the bank. However, the wire had already been sent to the fraudulent bank account, and most of the funds had been further dispersed. The Defendant Properties were subsequently seized by warrant.

**B. The Criminal Proceeds were Disbursed to Multiple Bank Accounts**

14. The Family Trust's wire of $1,299,050.00 was initially deposited on February 3, 2020, to an account at JP Morgan Chase (the "Original Account"), held in the name of Guerra Realty LLC. Shortly thereafter, on February 4 and 5, 2020, the Original Account transmitted wires of $358,000 and $200,000 to Dijon Account A (a Bank of

America account with an account number ending in 8974, held in the name of Dijon at Jenson LLC), which had a pre-existing balance of only $13.96; and transmitted a wire of $600,000 to Dijon Account B (a Bank of America account with an account number ending in 8961, held in the name of Dijon at Jenson), which had a pre-existing balance of only $446.66. Dijon Accounts A & B each dispersed the fraud proceeds further, through cashier's checks, cash withdrawals, and transfers to other bank accounts.

    **(1)**    **<u>Proceeds Traced to the First Defendant Property</u>**

15. Both Dijon Account A and Dijon Account B made transfers to Dijon Account C (a Bank of America account with an account number ending in 3861, held in the name of Dijon at Jenson). There were two deposits from Dijon Account A ($50,000 and $60,000) and one deposit from Dijon Account B ($50,000), all consisting wholly of fraud proceeds for a total of $160,000. Those were the only deposits made to Dijon Account C other than the pre-existing balance of $1,000.00.

16. Dijon Account C on February 20, 2020, transferred fraud proceeds of $153,500 to Dijon Account x0821, which had a pre-existing balance of zero. The $119,899.89 seized from Dijon Account x0821 is the First Defendant Property, which consists wholly of fraud proceeds.

    **(2)**    **<u>Proceeds Traced to the Second Defendant Property</u>**

17. Before the First Defendant Property was seized, Dijon Account x0821 made four transfers of proceeds in the total amount of $30,000.00 to Dijon Account x0753, which

had a pre-existing balance of $455.87. The $1,501.68 seized from that account is the Second Defendant Property, which consists wholly of fraud proceeds.

### (3) Proceeds Traced to the Third Defendant Property

18. Dijon Account A on February 20, 2020, transferred $1,310.09 to Dijon Account x0818, which had a pre-existing balance of zero. Through application of Section 984, the $878.79 seized from Dijon Account x0818 is the Third Defendant Property, which consists wholly of proceeds.

### (4) Proceeds Traced to the Fourth Defendant Property

19. Dijon Account A on February 5, 2020, transferred $200,000 in fraud proceeds to a Capitol One bank account with an account number ending in 5659, held in the name of Patrick Franklin. Through application of Section 984, the $60,813.71 seized from the Capitol One account is the Fourth Defendant Property, which consists wholly of fraud proceeds.

## CONCLUSION

20. Under the totality of the circumstances, there is reason to believe that the Defendant Properties are subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) as property which constitutes or is derived from proceeds traceable to specified unlawful activity, specifically including wire fraud in violation of Title 18, United States Code, Section 1343, whether directly or through application of Section 984.

## **NOTICE TO ANY POTENTIAL CLAIMANTS**

YOU ARE HEREBY NOTIFIED that if you assert an interest in any of the Defendant Properties subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The verified claim must be filed no later than 35 days from the date this Complaint was sent to you in accordance with Rule G(4)(b); or, if this Complaint was not sent to you, no later than 60 days after the first day of publication of notice on an official government forfeiture internet site, in accordance with Rule G(5)(a)(ii)(B).

An answer or motion under Rule 12 of the Federal Rules of Civil Procedure must be filed no later than twenty-one (21) days after filing the verified claim. The claim and answer must be filed with the United States District Clerk for the Southern District of Texas, either electronically or at the United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002. A copy must be sent to the undersigned Assistant United States Attorney at the United States Attorney's Office, 1000 Louisiana, Suite 2300, Houston, Texas 77002.

## **RELIEF REQUESTED**

The United States will serve notice, along with a copy of the Complaint, on any person who reasonably appears to be a potential claimant in this matter. The United States seeks a final judgment forfeiting the Defendant Properties to the United States and any other relief to which it may be entitled.

Respectfully submitted,

RYAN K. PATRICK
United States Attorney

By: /s/ Kristine E. Rollinson

Kristine E. Rollinson
SDTX Federal No. 16785
Assistant United States Attorney
1000 Louisiana, Suite 2300
Houston, Texas 77002
Telephone (713) 567-9000

## Verification

I, Carlos A. Fombon, a Special Agent with U.S. Homeland Security Investigations, declare under penalty of perjury, as provided by 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint for Civil Forfeiture In Rem and Notice to Potential Claimants, and that the facts stated in paragraphs 3 - 4 and 10 - 20 of the Complaint are based upon my personal knowledge, upon information obtained from other law enforcement personnel, or upon information I obtained in the course of my investigation. Those facts are true and correct to the best of my knowledge and belief.

Executed on the 17th day of September 2020.

Carlos A. Fombon
Special Agent
U.S. Homeland Security Investigations